**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7                        UNITED STATES DISTRICT COURT

8                      NORTHERN DISTRICT OF CALIFORNIA

9   LIN                                    No. C-11-00619-DMR

10          Plaintiff(s),                  **ORDER SETTING CASE**
                                           **MANAGEMENT CONFERENCE AND**
11      v.                                 **STANDING ORDER FOR MAGISTRATE**
                                           **JUDGE DONNA M. RYU**
12   CHIANG,                               **[Reassigned Case]**

13          Defendant(s).
    _____/
14

15

16                    **INITIAL CASE MANAGEMENT CONFERENCE**

17  TO ALL PARTIES AND COUNSEL OF RECORD:

18          The above-entitled matter having been reassigned to the Honorable Donna M. Ryu  for trial

19  and all further proceedings,

20          IT IS HEREBY ORDERED, pursuant to Fed.R.Civ.P. 16 and Civil L.R.16-10, that a Case

21  Management Conference shall be held in this case before the Honorable Donna M. Ryu on **October**

22  **10, 2012, at 1:30 p.m.,** in Courtroom 4, 3rd Floor, U.S. District Court, 1301 Clay Street, Oakland,

23  California.

24          No later than September 20, 2012, the parties shall (1) meet and confer regarding

25  Fed.R.Civ.P. 26 initial disclosures, early settlement, ADR process selection, and a discovery plan;

26  (2) file an ADR Certification (form available at http://www.cand.uscourts.gov) signed by the parties

27  and counsel pursuant to A.D.R. L.R. 3-5(b); and (3) file either a Stipulation to ADR Process or

28  Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov)

    pursuant to ADR L.R. 3-5(b) & (c).

**United States District Court**
For the Northern District of California

No later than October 3, 2012, the parties shall file a Joint Case Management Statement in conformance with Judge Ryu's attached Standing Order.

Each attorney of record in all "E-Filing" cases is obligated to become an ECF User and be assigned a user ID and password for access to the system upon designation of the action as being subject to ECF.  Registration shall be on a form prescribed by the Clerk.  Attorneys of record who fail to register timely shall be subject to such sanctions as may be imposed by the Court.

<div align="center">

**STANDING ORDER FOR**
**MAGISTRATE JUDGE DONNA M. RYU**
*(Revised July 3, 2012)*

</div>

Parties shall comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the Northern District of California's Local Rules and General Orders, and this standing order, all of which are available at http://www.cand.uscourts.gov.  Failure to comply with any of the rules or orders may be grounds for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

<div align="center">

**CALENDAR DATES AND SCHEDULING**

</div>

1.      Criminal motions are heard on the second and fourth Thursdays of the month at 11:00 a.m., or during the regular criminal calendar when Judge Ryu is on criminal calendar duty.  Civil motions are heard on the second and fourth Thursdays of the month at 11:00 a.m.  Civil case management conferences are heard on Wednesdays at 1:30 p.m.  Civil pretrial conferences are heard on Wednesdays at 3:00 p.m.

2.      Parties must notice motions (other than discovery motions) pursuant to the local rules. Parties need not reserve a hearing date, but should confirm the court's availability at http://www.cand.uscourts.gov.  The court may reset hearing dates as the court's calendar requires.

3.      For scheduling questions, please call Judge Ryu's courtroom deputy, Ivy Garcia, at (510) 637-3639.

<div align="center">

**CONSENT CASES**

</div>

4.      In civil cases that are randomly assigned to Judge Ryu for all purposes, each party should file a  written consent to the assignment of a United States Magistrate Judge for all purposes, or written declination of consent, as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination

**United States District Court**
For the Northern District of California

1   simultaneously with the motion. In no event shall the consent or declination be filed later than the

2   deadlines specified in Civil L.R. 73-1(a)(1) and (2).

3                      <u>**CHAMBERS COPIES AND PROPOSED ORDERS**</u>

4   5.      Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain

5   filings and mark it as a copy for "Chambers." Please three-hole punch the chambers copy and

6   submit it to the Oakland Clerk's Office.

7   6.      Any stipulation or proposed order submitted by an e-filing party shall be submitted by email

8   to <u>dmrpo@cand.uscourts.gov</u> as a word processing attachment on the same day the document is e-

9   filed. This address should only be used for this stated purpose unless otherwise directed by the

10  court.

11                        <u>**CIVIL CASE MANAGEMENT**</u>

12  7.      No later than seven days before the initial case management or status conference, the parties

13  shall file a Joint Case Management Statement in full compliance with the Court's Standing Order for

14  All Judges of the Northern District of California governing "Contents of Joint Case Management

15  Statement," available on the Court's website.

16  8.      Parties may not stipulate to continue a case management or pretrial conference without court

17  approval. Each party shall be represented **in person** at the Case Management Conference by lead

18  trial counsel (or a party if *in pro se*), who shall be (1) prepared to address all of the matters referred

19  to in the Northern District of California's standing order on Joint Case Management Statements; and

20  (2) have full authority to enter stipulations and make admissions pursuant to that order. Permission

21  for a party to attend by telephone may be granted, in the court's discretion, upon written request

22  made at least one week in advance of the hearing if the court determines that good cause exists to

23  excuse personal attendance, and that personal attendance is not needed in order to have an effective

24  conference. The facts establishing good cause must be set forth in the request.

25  9.      All case management conferences are audio recorded. They are not reported by a court

26  reporter unless counsel requests a court reporter in advance.

27                              <u>**CIVIL DISCOVERY**</u>

28  <u>**Discovery Disputes**</u>

**United States District Court**
For the Northern District of California

10.     In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements.  The meet and confer session must be ***in person or by telephone,*** and may not be conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the court.  **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter.  Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue.  The joint letter shall not exceed ten  pages without leave of court. **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.**  In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed four  pages, which shall include an explanation of why a joint letter was not possible.  The parties shall submit one exhibit to the letter that only sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto.  No other information shall be included in any such exhibit.  No other exhibits shall be submitted without prior approval by the court.  The court will review the submission(s) and determine whether formal briefing or proceedings are necessary**.  Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief"**.

11.     In the event that a discovery hearing is ordered, the court has found that it is often efficient and beneficial for counsel to appear ***in person***.  This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve.  For this reason, the court expects counsel to appear in person.  Permission for a party to attend by telephone may be granted, in the court's discretion, upon written request made at least one week in advance of the hearing if the court determines that good cause exists to excuse personal attendance, and that personal attendance is not needed in order

4

<div style="writing-mode: vertical">**United States District Court**
For the Northern District of California</div>

1  to have an effective discovery hearing.  The facts establishing good cause must be set forth in the

2  request.

3  12.     In emergencies during discovery events (such as depositions), any party may, after exhausting

4  good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil L.R. 37-

5  1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the discovery

6  event shall proceed with objections noted for the record.

7  **Privilege Logs**

8  13.     If a party withholds information that is responsive to a discovery request by claiming that it is

9  privileged or otherwise protected from discovery, that party shall ***promptly*** prepare and provide a

10  privilege log that is sufficiently detailed and informative for the opposing party to assess whether a

11  document's designation as privileged is justified.  *See* Fed.R.Civ.P. 26(b)(5).  The privilege log shall

12  set forth the privilege relied upon and specify separately for each document or for each category of

13  similarly situated documents:

14          (a) the title and description of the document, including number of pages or Bates-number

15          range;

16          (b) the subject matter addressed in the document;

17          (c) the identity and position of its author(s);

18          (d) the identity and position of all addressees and recipients;

19          (e) the date the document was prepared and, if different, the date(s) on which it was sent to or

20          shared with persons other than its author(s); and

21          (f) the specific basis for the claim that the document is privileged or protected.

22  Communications involving trial counsel that post-date the filing of the complaint need not be placed

23  on a privilege log.  Failure to furnish this information promptly may be deemed a waiver of the

24  privilege or protection.

25                              **SUMMARY JUDGMENT**

26  14.     Motions for summary judgment shall be accompanied by a joint statement of the material

27  facts not in dispute by citations to admissible evidence.  If the parties are unable to reach complete

28  agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about

which they do agree.  Separate statements of undisputed facts shall not be filed and will not be

considered by the court.

**<u>UNREPRESENTED (PRO SE) PARTIES</u>**

15.     Parties representing themselves should visit the Quick Link titled "If You Don't Have a

Lawyer" on the Court's homepage, www.cand.uscourts.gov.  The link discusses the Court's "Legal

Help Center" for unrepresented parties which is located on the 15th floor, room 2796, of the United

States Courthouse, 450 Golden Gate Avenue, San Francisco.

IT IS SO ORDERED.

_____

DONNA M. RYU
United States Magistrate Judge

**United States District Court**

For the Northern District of California